**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL MARLO, | No. 12-57170 |
| Plaintiff - Appellee, | D.C. No. 2:09-cv-07717-DDP-RZ |
| v. | |
| UNITED PARCEL SERVICE, INC., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted February 4, 2015
Pasadena, California

Before: KLEINFELD and NGUYEN, Circuit Judges and CARR,[**] Senior District
Judge.

United Parcel Service, Inc. challenges the jury's verdict awarding Michael

Marlo $15.9 million (later reduced to $6.6 million) in punitive damages arising out

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable James G. Carr, Senior District Judge for the U.S.
District Court for the Northern District of Ohio, sitting by designation.

of his wrongful termination. Reviewing de novo, *White v. Ford Motor Co.*, 312 F.3d 998, 1010 (9th Cir. 2002), we affirm.

UPS argues that the evidence was insufficient to support the jury's determination that Vice President and District Manager Tim Robinson was a "managing agent" under California law. Viewing the evidence in the light most favorable to Marlo, as we must, *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002), we conclude that the evidence was sufficient to support the jury's verdict. Under California Civil Code § 3294(b), Robinson qualified as a "managing agent" if he "exercise[d] substantial independent authority and judgment in [his] corporate decisionmaking so that [his] decisions ultimately determine[d] corporate policy." *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 566-67 (1999). Here, the evidence showed that Robinson was the highest-ranking supervisor in a 7,000-employee district that covered a vast geographic area from downtown Los Angeles to the inland deserts to California's Central Coast, and his responsibilities included, in his own terms, "managing a complex business," which required him "to talk about running the business every day." Robinson managed supervisors and employees in charge of the various departments in his territory, including operations, sales, marketing, engineering, automotive, finance and accounting, human resources, and labor relations.

2

Further, Robinson viewed part of his role as maintaining a company "culture"—in essence, a company policy—of supervisors acting as "owners" subject to a salary, rather than the overtime pay sought by Marlo. Marlo's lawsuit, which initially sought $400 million in class-wide damages, threatened to upend that culture. Robinson discussed the potential impact of Marlo's lawsuit with his senior staff and expressed his displeasure that other supervisors were filing similar lawsuits. He viewed the lawsuit as a "distraction" that had a negative effect on employee morale. The jury could thus reasonably conclude that Robinson's decision to terminate Marlo was a policymaking decision aimed at protecting the company "culture." *See Ultramar*, 21 Cal. 4th at 577 (holding that a single act of retaliatory termination demonstrated that a middle manager "determined corporate policy"); *Davis v. Kiewit Pac. Co.*, 220 Cal. App. 4th 358, 373 (2013) (reversing a grant of summary judgment because a jury could infer that by failing to protect a single worker who complained of harassment, an employee "exercised authority that resulted in the ad hoc formulation of corporate policy" sufficient to qualify him as a managing agent).

We also conclude that Robinson's conduct was sufficiently reprehensible to qualify for punitive damages under California law. *See* Cal. Civ. Code § 3294(a).

3

The award, as reduced by the district court, was not unconstitutionally excessive.

*See Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1044 (9th Cir. 2003).

**AFFIRMED.**

FILED

APR 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Marlo v. United Parcel Service, Inc.*, No. 12-57170

CARR, Senior District Judge, dissenting:

Respectfully, and aware of my lesser familiarity with California law relating to managing agents, I dissent.